**Manjit SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71284.

Agency No. A76–456–671.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 13, 2005.

Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, M. Jocelyn Wright, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM***

Manjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings of the BIA under the "substantial evidence" standard. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). To the extent the BIA adopted the IJ's findings and reasoning, we review the IJ's decision as if it were the decision of the BIA. *Id.* We deny the petition for review.

■ Substantial evidence supports the BIA's adverse credibility determinations based on inconsistencies between Singh's testimony, asylum application, and submitted declarations. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004); *Singh–Kaur v. INS,* 183 F.3d at 1151–52. Singh has not shown that any of the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Because Singh failed to credibly demonstrate that it was more likely than not that he would be tortured if he returned to India, the BIA also properly denied his CAT claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

